UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE CLEVELAND,<br><br>    Petitioner,<br><br>v.<br><br>JAMES ROBERTSON,[1]<br><br>    Respondent. | No. 2:20-cv-0674 WBS KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action because it was filed beyond the one-year statute of limitations (28 U.S.C. § 2244(d)), and it contains an unexhausted claim (28 U.S.C. § 2254(b)). Petitioner did not timely oppose the motion. On December 2, 2020, petitioner was ordered to show cause why his failure to oppose the motion should not be deemed a waiver of any opposition to granting the motion, and ordered to file an opposition. Petitioner filed a response, and was granted an additional thirty days in which to file his opposition. Thirty days have now passed, and petitioner has not filed an opposition or otherwise responded. As discussed below, the undersigned finds that respondent's motion should be granted, and this action be dismissed.

---

[1] James Robertson, current Warden of Pelican Bay State Prison where petitioner is housed, is substituted as respondent in this action. Fed. R. Civ. P. 25(d).

1

I. Chronology

On May 4, 2017, petitioner was convicted on two counts of second degree robbery, and two counts of being a felon in possession of a firearm. (ECF No. 24-1.) In addition, allegations that petitioner personally used a firearm and had sustained a prior conviction were found true. (Id.) Petitioner was sentenced to a determinate state prison term of 25 years. (Id.)

Petitioner did not file an appeal. On December 14, 2017, petitioner filed a request to file a notice of appeal more than 60 days after sentencing under the constructive filing doctrine, citing In re Benoit, 10 Cal.3d 72, 88 (1973). (ECF No. 24-2.) On December 21, 2017, the request was denied by the California Court of Appeals. (ECF No. 24-2.)

On March 1, 2019,[2] petitioner filed his first petition for writ of habeas corpus in the Sacramento County Superior Court. (ECF No. 24-3.) The superior court denied the petition on May 3, 2019. (ECF No. 24-4.)

On June 19, 2019, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 24-5.) The California Supreme Court denied the petition without comment on September 18, 2019. (ECF No. 24-6.)

II. The Federal Petition

On January 27, 2020,[3] petitioner filed a federal petition, and appears to claim that his sentence violates the Ex Post Facto Clause because his sentence was enhanced by prior convictions that were not defined as violent or serious felonies when committed. (ECF No. 5.)

On April 20, 2020, petitioner filed an amended federal habeas petition, claiming ineffective assistance of counsel based on counsel's alleged failure to file a notice of appeal. (ECF No. 14.)

////

---

[2] This petition was given benefit of the mailbox rule because petitioner appended a dated proof of service. His next petition (ECF No. 24-5) was not given benefit of the mailbox rule because petitioner did not provide a proof of service, dated or otherwise. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

[3] Neither federal petition filed by petitioner contains a proof of service, again preventing use of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

III. Standards Governing Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

IV. Statute of Limitations

A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

B. Calculation of Limitations Period

For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. Petitioner was sentenced on June 2, 2017. Because petitioner did not appeal his conviction, his

conviction became final sixty days after sentencing, or August 1, 2017. See Cal. R. Ct. 8.308(a) (requiring that appeals from criminal judgments be filed within sixty days of the rendition of judgment). The limitations period began the next day, August 2, 2017. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Thus, petitioner's last day to file a federal petition was August 2, 2018. Absent tolling, both federal petitions, filed January 27, 2020, and April 20, 2020, are barred by the statute of limitations.

    C. Statutory Tolling

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Here, petitioner's first state habeas petition was filed on March 1, 2019, six months and 27 days after the status of limitations expired on August 2, 2018. Because the state court petitions were filed after the limitations period expired, petitioner is not entitled to statutory tolling for either of his state habeas petitions.

    D. Equitable Tolling

        1. Governing Standards

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is only entitled to equitable tolling of the one-year statute of limitations if he shows: "'(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way' and prevented timely

4

filing." Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418).  An "extraordinary circumstance" has been defined as an external force that is beyond the prisoner's control.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted).  In addition, petitioner must demonstrate that the "'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), quoting Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) ("petitioner entitled to equitable tolling 'since prison officials' misconduct proximately caused the late filing.'"); Grant v. Swarthout, 862 F.3d 914, 924 (9th Cir. 2017).

"The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight", miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009).  Equitable tolling is "a very high bar, and is reserved for rare cases."  Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014).  It is petitioner's burden to demonstrate that he is entitled to equitable tolling.  Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

        2. Discussion

Petitioner did not file an opposition to the instant motion, and his federal petitions offer no explanation for his delay in filing in federal court.  It appears that petitioner initially filed a motion for reconsideration of his sentence, which was procedurally improper.  (ECF No. 1.) However, general ignorance of the law is not a ground for equitable tolling.  "While [a habeas petitioner's] pro se status is relevant, we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."  Waldron-

5

Ramsey, 556 F.3d at 1013 n.4 (citing Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.")

In addition, petitioner has failed to demonstrate diligence. Petitioner provides no facts or evidence to demonstrate he was reasonably diligent. The limitations period expired on August 2, 2018, yet the original petition was not filed until January 27, 2020, over one year and five and a half months later, and the amended petition was filed even later, on April 20, 2020. Thus, petitioner has not demonstrated that he diligently pursued his rights.

### D. Conclusion

The undersigned finds that petitioner did not meet his burden to demonstrate that he was reasonably diligent, or that extraordinary circumstances outside his control were the cause of his untimeliness. Because petitioner is not entitled to equitable tolling, his petition is barred by the statute of limitations, and respondent's motion to dismiss should be granted.

## V. Petitioner's Unexhausted Claim

### A. Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[4] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

### B. Discussion

In his amended petition, petitioner raises an ineffective assistance of counsel claim based on counsel's alleged failure to file an appeal. Such claim was not included in the petition for writ

////

---

[4] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

of habeas corpus filed in the California Supreme Court.  (ECF No. 24-5.)  Therefore, petitioner's ineffective assistance of counsel claim is not exhausted.

Because the amended petition contains an unexhausted claim, this court is ordinarily required to give petitioner the choice of exhausting the unexhausted claims by returning to state court or abandoning the unexhausted grounds and pursuing the exhausted grounds in federal court.  Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc, (June 24, 2014) (per curiam) (district court erred in dismissing the mixed habeas petition without first giving petitioner the opportunity to amend his petition to include only exhausted claims).

Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action.  See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

Petitioner is not entitled to a stay under either Rhines or Kelly because his unexhausted claim is not timely.[5]  See Johnson v. Federal Court Judges, 2020 WL 2114931, at *6 (C.D. Cal. March 20, 2020) (petitioner not entitled to stay under either Rhines or Kelly if claims are time barred); King v. Frauenheim, 2016 WL 687867, at *6 (N.D. Cal. Feb. 19, 2016) (neither a Rhines nor Kelly was appropriate because staying the proceedings would not eliminate the untimeliness problem).

Therefore, this action should be dismissed as barred by the statute of limitations, with prejudice.

---

[5]  Even assuming, *arguendo*, that petitioner could be entitled to a later trigger date perhaps based on an allegation that petitioner did not know an appeal was not filed (which petitioner has not alleged), his unexhausted claim remains time-barred.  Liberally using December 14, 2017, the date the California Supreme Court received petitioner's letter requesting permission to file a late appeal, the limitations period began the next day, December 15, 2017.  Under this scenario, petitioner's last day to file a federal petition was Monday, December 17, 2018 (December 15, 2018 is a Saturday).  Petitioner's first state habeas petition was filed on March 1, 2019, two months and twelve days after the limitations period expired, with no tolling value.  Petitioner then waited until April 20, 2020, to file his amended petition, over a year and four months too late.

VI. Recommendations

Accordingly, IT IS HEREBY ORDERED that James Robertson, Warden, is substituted as respondent.

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 23) be granted; and

2. This action (ECF No. 1) be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim for the denial of a constitutional right, and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 478 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/clev0674.mtd.hc.sol

8